DEBORAH M. SMITH
Acting United States Attorney

DAVID A. NESBETT
Special Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, Room 253, #9
Anchorage, Alaska  99513-7567
Phone: (907) 271-6306
Fax: (907) 271-1500
E-mail: david.nesbett@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 3:05-cr-096-RRB |
| | ) | |
| Plaintiff, | ) | |
| | ) | GOVERNMENT'S |
| vs. | ) | SENTENCING |
| | ) | MEMORANDUM |
| ANDRE A. ALLEN, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

COMES NOW the United States Attorney's Office, by and through counsel, and respectfully submits this Sentencing Memorandum regarding the defendant, ANDRE A. ALLEN, who is scheduled to be sentenced on July 7, 2006.  For the reasons provided below, the government concurs with the recommendations made in the final presentence report, except as to the four level enhancement for being a

felon in possession of a firearm in connection with another felony offense, and recommends a sentence of 77 months.

I.  BACKGROUND

On April 20, 2006, the defendant pled guilty to Count 1 of the Indictment charging Mr. Allen with felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  The defendant also admitted to Count 2 and the forfeiture of the firearm.  During his plea colloquy, the defendant admitted that in May of 2005, he unlawfully possessed a firearm, which had been transported in interstate commerce, after having previously been convicted of a crime punishable by a term of imprisonment exceeding one year.

II.  SENTENCING CALCULATION

A.  Statutory Maximum Sentence

The maximum sentence for a person convicted of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) that may be imposed is ten (10) years imprisonment, a $250,000 fine, and a $100 special assessment.

B.  Sentencing Guidelines Calculation

As noted in the Addendum to the Presentence Report ("PSR"), the United States did not have any objections to the PSR and the defendant's objections have been addressed. The guideline imprisonment range contemplated by the government, which is the guideline range contemplated by the PSR minus the four level enhancement pursuant to 2K2.1(b)(5), is 77-96 months.

III.  GOVERNMENT'S SENTENCING RECOMMENDATION

The government respectfully recommends that the court impose a sentence of 77 months. The defendant has filed several objections to the PSR.

First, the government concurs with the detailed and meticulously written paragraph in the addendum to the PSR that analyzes the defendant's objections to paragraph 22. Pursuant to USSG § 2K2.1(a)(2), the base offense level of 24 is applied when the defendant unlawfully possessed the firearm subsequent to sustaining at least two felony convictions for either a crime of violence or a controlled substance offense. Here, Mr. Allen was convicted of Third Degree Assault in 1998, which, it is not contested, qualifies as a crime of violence as contemplated by the guidelines.

Mr. Allen was also convicted of Third Degree Misconduct Involving Weapons in 1994 pursuant to AS § 11.61.200(a)(3) as per the judgment of

conviction in that case.  According to the statute, a person commits the crime of Misconduct involving weapons in the third degree if the person possesses a prohibited weapon.  A prohibited weapon as contemplated by the Alaska statue means a bomb, machine gun, silencer, or sawed-off shotgun, among other things.  AS § 11.61.200(h). USSG § 4B1.2 a.n. 1 states that unlawfully possessing a firearm described in 26 U.S.C. § 5845(a)(e.g., a sawed-off shotgun or sawed-off rifle, silencer, bomb, or machine gun) is a "crime of violence."  The crime, and the specific subsection, to which the defendant pled guilty in state court corresponds to the USSG note that includes the definition of "crime of violence."  There is no need, therefore, to look at the Information, or any further documentation, to determine that the prior conviction qualifies as a crime of violence.

Pursuant to <u>Taylor v. United States</u>, 495 U.S. 575 (1990), and <u>United States v. Corona-Sanchez</u>, 291 F.3d1201 (9th Cir. 2002), however, even if the court were to review the Information in the prior state conviction, it is clear that Mr. Allen possessed a sawed-off shotgun and it is to that charge that Mr. Allen was convicted.  The weapon that he possessed unlawfully was a shotgun with a barrel less than 18 inches in length.  The defendant, therefore, has two prior convictions for crimes of violence and a base offense level of 24 should apply.

When considering the sentencing factors in 18 U.S.C. § 3553, a sentence at

the low end of the sentencing range of 77 months is appropriate.  Such a sentence would recognize the seriousness of defendant's offense conduct, afford adequate deterrence to future criminal conduct and, meanwhile, protect the public from further crimes of the defendant.

The government recommends that the defendant be sentenced as follows:

(1)   **77  months in custody**;

(2)   **No fine is requested** due to the defendant's inability to pay;

(4)   **A three (3) year period of supervised release,** and

(5)   **A special assessment in the amount of $200.00** is, of course, required.

RESPECTFULLY SUBMITTED this 30th day of June, 2006 at Anchorage, Alaska

DEBORAH M. SMITH
Acting United States Attorney

s/ David A. Nesbett
Special Assistant U.S. Attorney
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-6306
Fax: (907) 271-1500
E-mail: david.nesbett@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on June 30, 2006,
a copy of the foregoing was served
electronically on MJ Haden, Asst. FPD.

s/ David A. Nesbett
Special Assistant U.S. Attorney